UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RUBY LEE MARIE FALGOUT          CIVIL ACTION NO. 2:21-CV-1443

                Plaintiff        SECTION J(3)

VERSUS                           JUDGE CARL J. BARBIER

                                 MAGISTRATE JUDGE DANA M.
                                 DOUGLAS
ANCO INSULATIONS, INC., ET AL
                Defendants


**ORDER & REASONS**

Before the Court is a *Motion to Remand* **(Rec. Doc. 10)** filed by Ruby Lee
Marie Falgout against Defendant, Avondale Industries, Inc. (hereinafter "Avondale"),
a *Motion to Remand* **(Rec. Doc. 12)** filed by Plaintiff against Defendant, *Hopeman*
*Brothers* (hereinafter "Hopeman," collectively with Avondale "Defendants), an
opposition filed by Hopeman **(Rec. Doc. 33)**, and an opposition filed by Avondale
**(Rec. Doc. 34)**. Having considered the motion and legal memoranda, the record, and
the applicable law, the Court finds that both motions should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

Plaintiff alleges that she contracted mesothelioma as a result of asbestos
exposure by laundering her husband's work clothes, who worked at Avondale's Bridge
City, LA shipyard. Plaintiff filed suit against numerous parties in the Orleans Parish
on March 26, 2021. On July 29, 2021, Hopeman filed for removal asserting
jurisdiction under 28 U.S.C. § 1442. On August 4, 2021, Avondale filed a Notice of

1

Joinder to Hopeman's removal. On August 27, 2021, Plaintiff filed Motions to Remand as to both Avondale and Hopeman. On September 28, 2021, Hopeman filed an Opposition to Plaintiff's Motion to Remand, and on September 29, 2021, Avondale filed their Opposition.

## LAW

Although federal courts are courts of limited jurisdiction, "federal officer removal under 28 U.S.C. § 1442 is unlike other removal doctrines: it is not narrow or limited." *State v. Kleinert*, 855 F.3d 305, 311 (5th Cir. 2017); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Although the principle of limited federal court jurisdiction ordinarily compels federal courts to resolve any doubt about removal in favor of remand, courts should analyze removal under § 1442(a)(1) "without a thumb on the remand side of the scale." *Savoie v. Huntington Ingalls, Inc.*, 817 F. 3d 457, 462 (5th Cir. 2016). Nevertheless, it remains the removing party's burden of showing that federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Under 28 U.S.C. § 1442(a)(1), the federal officer removal statute, a federal court has subject matter jurisdiction if the defendant is "any person acting under [an officer] of the United States or of any agency thereof . . . . for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). To qualify for removal under § 1442(a)(1), a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with

an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).

## DISCUSSION

As to Avondale, courts have repeatedly held that Avondale can remove under the federal officer removal statute. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020); *Savoie v. Pa. Gen. Ins. Co.*, 2017 U.S. Dist. LEXIS 94904 (E.D. La. June 2, 2017); *Pennino v. Reilly-Benton Co., Inc.*, No. CV 21-363, 2021 WL 3783184 (E.D. La. Aug. 26, 2021). There are no new facts or issues in the present case that would cause this Court to break with precedent. As to Hopeman, for the reasons stated in *Jackson v. Avondale,* the Court concludes that Hopeman also can remove to federal court under the federal officer removal statute. *See* 469 F. Supp. 3d 689 (E.D. La. 2020).

## CONCLUSION

Accordingly,

**IT IS ORDERED** Plaintiff's Motion to Remand **(Rec. Doc. 10)** is **DENIED.**

**IT IS FURTHER ORDERED** Plaintiff's Motion to Remand **(Rec. Doc. 12)** is **DENIED.**

**IT IS FURTHER ORDERED** that oral argument schedule for October 6, 2021 is **CANCELLED.**

New Orleans, Louisiana this 4th day of October, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3