UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD JOHN FALGOUT, ET AL     CIVIL ACTION

VERSUS     No. 21-1443

ANCO INSULATIONS, INC., ET AL     SECTION: "J"(3)

## ORDER & REASONS

Before the Court are three motions for summary judgment **(Rec. Docs. 134, 135, and 141)** filed respectively by Third-Party Defendants, Foster Wheeler LLC ("Foster Wheeler"), General Electric Company ("GE"), and Bayer CropScience, Inc. as Successor to Rhone Poulenc AG Company, f/k/a Amchem Products, Inc., f/k/a Benjamin Foster Company ("Amchem"). Each movant contends that Plaintiffs have not produced evidence sufficient to sustain their burden to show that Ruby Lee Marie Falgout was exposed to asbestos attributable to them. Defendant Huntington Ingalls, Inc. ("Avondale") oppose each motion. (Rec. Docs. 148, 149, 147). The Third-Party Defendants each replied. (Rec. Docs. 171, 172, 173)

## FACTS AND PROCEDURAL BACKGROUND

The facts of this case have been laid out in previously issued Orders and Reasons and are adopted by reference herein. (Rec. Docs. 38, 60, 153).

The three movants were not made defendants by Plaintiffs in their state court petition or their amended complaint. (Rec. Docs. 1-1, 146). Avondale's alleged executive officer Albert, L. Bossier previously brought in Foster Wheeler, GE, and

1

Amchem in a third-party demand, but Mr. Bossier and his claims have since been voluntarily dismissed. (Rec. Doc. 17-1). Thus, Avondale filed a third-party complaint against Foster Wheeler, GE, and Amchem for their virile share contributions for any amounts owed to Plaintiff (Rec. Doc. 22).

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving

party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

Under Louisiana law, in an asbestos exposure case, a plaintiff must establish that (1) "he had significant exposure to the product complained of," and that (2) the exposure "was a substantial factor in bringing about his injury." *Rando v. Anco Insulations, Inc.*, 16 So. 3d 1065, 1091 (La. 2009) (quoting *Asbestos v. Bordelon, Inc.*, 726 So. 2d 926, 948 (La. App. 4 Cir. 1998)). The plaintiff bears the burden of proof on both elements. *Vodanovich v. A.P. Green Indus., Inc.*, 869 So. 2d 930, 932 (La. App. 4 Cir. 2004). "[E]ven if the plaintiff was only exposed to asbestos for a 'short period for an employer[,] and he had longer exposure working for others, it cannot be said the relatively short asbestos exposure was not a substantial factor in

causing his mesothelioma.'" *Williams v. Boeing Co.*, 23 F.4th 507, 512 (5th Cir. 2022) (quoting *Rando*, 16 So. 3d at 1091).

To defeat an asbestos defendant's motion for summary judgment, a plaintiff "need only show that a reasonable jury could conclude that it is more likely than not that [plaintiff] inhaled defendant's asbestos fibers, even if there were only slight exposures." *Id.* (citing *Held v. Avondale Indus., Inc.*, 672 So. 2d 1106, 1109 (La. App. 4 Cir. 1996) (internal quotation marks omitted)). However, evidence of the mere physical presence of a defendant's asbestos containing-product at a worksite is insufficient to find liability or defeat a motion for summary judgment. *Lucas v. Hopeman Bros.*, 60 So. 3d 690, 701 (La. App. 4 Cir. 2/16/11) (citing *Abram v. Epic Oil Co.*, 936 So.2d 209, 213 (La. App. 4 Cir. 6/28/06)).

I. **FOSTER WHEELER'S MOTION FOR SUMMARY JUDGMENT**

Foster Wheeler moves for summary judgment, seeking dismissal of all of Avondale's cross-claims against it. (Rec. Doc. 134-1). Foster Wheeler contends that Avondale did not submit any evidence or witness testimony that Mrs. Falgout was exposed to asbestos from Foster Wheeler boilers. (Rec. Doc. 134-1, at 5). Avondale opposes the motion; (Rec. Doc. 148); and Foster Wheeler replied; (Rec. Doc. 172).

Two other sections of this Court recently analyzed an argument by Foster Wheeler, similar to the one before the Court now. *Becnel v. Lamorak Ins. Co.*, No. CV 19-14536, 2022 WL 3704029 (E.D. La. Aug. 26, 2022); *Cortez v. Lamorak Ins. Co.*, No. CV 20-2389, 2022 WL 1320429 (E.D. La. May 3, 2022). In *Cortez*, the plaintiff testified that, while he worked at Avondale, he worked near people who

4

insulated Foster Wheeler boilers, which generated dust that he breathed in. *Cortez*, No. CV 19-14536, 2022 WL 1320429, at *15. The parties opposing the motion also provided 2014 deposition testimony from a Foster Wheeler corporate representative who stated that Foster Wheeler supplied asbestos containing materials to Avondale for use on its boilers. *Id.* Thus, the court found that a reasonable jury could conclude that it is more likely than not that the plaintiff inhaled asbestos attributable to Foster Wheeler. *Id.*

However, the Court in *Cortez* granted summary judgment for another third-party defendant, Eagle, which argued that the plaintiff did not produce any evidence that he was exposed to asbestos from its products. *Id.* at *6. The plaintiff did not cite any evidence that he saw or worked with Eagle products, but instead provided depositions from the 1990s of a corporate representative stating that their products included asbestos as well as a former insulator who worked with those products. *Id.* The court found that this evidence was insufficient to place the plaintiff around Eagle's asbestos-containing materials, because no party provided evidence of how much of the insulation used in the workspace was supplied by Eagle. *Id.* Thus, reasonable inferences could not transform the testimony into evidence that the plaintiff was exposed to asbestos from Eagle, and so the court held that there was no issue of fact. *Id.* (comparing to *Lucas v. Hopeman Bros.*, 60 So. 3d 690, 702 (La. App. 4 Cir. 2011) (affirming summary judgment for defendant when the deponent "testified regarding the decedent installing insulation, or blankets,

5

while at Avondale," but "could not state who manufactured the blankets nor does [his] testimony establish that the blankets actually contained asbestos.")).

In *Becnel*, the court also found that, at the summary judgment stage, issues of fact remained regarding whether Foster Wheeler was liable for the plaintiff's exposure to asbestos. *Becnel*, No. CV 19-14536, 2022 WL 3704029, at *5. Again, the deposition testimony from the decedent stated that he worked near Foster Wheeler boilers. Along with the decedent's deposition, the corporate representative testimony regarding Foster Wheeler's supply of boilers and asbestos to Avondale led the court to deny Foster Wheeler's motion for summary judgment. *Id.*

The evidence in this case leads to the opposite result. Avondale presented no evidence that Ronald Falgout was ever exposed to asbestos dust from any Foster Wheeler products. Avondale provided Mr. Falgout's deposition testimony stating that, while he worked at Avondale, he worked in engine rooms as close as two feet away from insulators applying insulating mud to equipment on some Lykes vessels. (Rec. Doc. 148, at 3 (citing Deposition of Ronald Falgout, taken June 29, 2021)). However, Mr. Falgout could not identify the brand of the equipment or boilers situated near his workstation, and he also testified that the name Foster Wheeler did not mean anything to him in connection with his work. (Deposition of Ronald Falgout, Rec. Doc. 134-3, at 3). Foster Wheeler's corporate representative Arthur Christenson also testified that asbestos containing material was part of the "whole kit and caboodle" of the boilers which Foster Wheeler sold to Avondale for their

6

ships during the relevant time period. (*Id.* at 5-6, 7-8 (citing deposition testimony of Arthur Christenson, taken December 19, 1990)).

However, the mere presence of an asbestos-containing product is insufficient to defeat summary judgment. Here, unlike the testimony in *Becnel*, none of the evidence in the record places Mr. Falgout in the engine room of a specific vessel, working on or around a Foster Wheeler boiler, when asbestos fibers could have been released. Even if all factual inferences were construed in favor of Avondale, the record lacks evidence upon which reasonable minds could differ substantiating whether Mr. Falgout and subsequently Mrs. Falgout were exposed to asbestos attributable to Foster Wheeler. Thus, Foster Wheeler's motion for summary judgment **(Rec. Doc. 134)** is **GRANTED**.

## II.  GE'S MOTION FOR SUMMARY JUDGMENT

GE also moves for summary judgment, also asserting that there is no evidence that Mrs. Falgout was exposed to asbestos from any of its products or equipment. (Rec. Doc. 135). Avondale opposes the motion; (Rec. Doc. 149); and GE replied; (Rec. Doc. 171).

Avondale provides deposition testimony of its former employees as purported evidence that GE turbines were in the engine rooms of "nearly various vessels constructed at Avondale." (Rec. Doc. 149, at 5-6). GE's corporate representative David Skinner also testified that GE required asbestos packing and asbestos containing gaskets for its turbines. *Id.* at 6-7 (citing Deposition of David R. Skinner, taken November 3, 2014).

However, as in the previous motion, none of Avondale's evidence shows that Mr. Falgout was exposed to asbestos from a GE turbine. In fact, Mr. Falgout testified in his deposition that he never saw insulation being applied to turbines. (Deposition of Ronald Falgout, Rec. Doc. 134-3, at 2). Avondale did not provide evidence that GE manufactured either all of the turbines for Avondale or the turbines in the engine rooms on the vessels where Mr. Falgout worked. Accordingly, the Court finds that Avondale failed to create an issue of fact on whether Mr. Falgout was exposed at Avondale to asbestos-containing products from GE. Thus, GE's motion for summary judgment **(Rec. Doc. 135)** is **GRANTED**.

III.   **AMCHEM'S MOTION FOR SUMMARY JUDGMENT**

Defendant Amchem also moves for summary judgment, also asserting that there is no evidence that Mrs. Falgout was exposed to asbestos from any of its products or equipment. (Rec. Doc. 141). Avondale opposes the motion; (Rec. Doc. 147); and Amchem replied; (Rec. Doc. 173).

Avondale argues that, because Amchem's Adhesive 81-27, which contains asbestos, "was used extensively in the engine rooms of nearly every vessel constructed at Avondale," that Mr. Falgout was exposed while working in engine rooms of vessels constructed at Avondale. (Rec. Doc. 147, at 5). However, again, Avondale's evidence, including deposition testimony of other former employees, only shows that Amchem's products were present on the vessels, along with other companies' adhesives. None of the evidence indicates that Mr. Falgout worked in engine rooms with Amchem's 81-27 adhesive, nor did Mr. Falgout's deposition

reveal that he came into contact with any Amchem product. In fact, although Amchem's adhesives came pre-mixed, Mr. Falgout testified that he only ever observed insulators mixing adhesives that were a white powder mixed with water to form mud. (Deposition of Ronald Falgout, Rec. Doc. 141-5, at 22-23). Thus, Avondale has not produced evidence sufficient to meet its burden to show Mr. Falgout was exposed to Amchem's asbestos-containing products while working for Avondale. Amchem is therefore entitled to summary judgment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motions for summary judgment **(Rec. Docs. 134, 135, and 141)** are **GRANTED.** All of Avondale's cross claims against Foster Wheeler, GE, and Amchem are hereby dismissed.

New Orleans, Louisiana, this 24th day of October, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE