UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RUBY LEE MARIE FALGOUT                                    CIVIL ACTION

VERSUS                                                    No. 21-1443

ANCO INSULATIONS, INC., ET AL                             SECTION: "J"(3)

### ORDER & REASONS

Before the Court is an *Emergency Motion Seeking the Court to Decline Supplemental Jurisdiction and Remand to State Court* **(Rec. Doc. 155)** filed by Plaintiffs Ronald John Falgout, Individually and as the Independent executor of the Succession of Ruby Lee Marie Falgout, Deceased, and Rami Marie Harcom, Individually and as the Surviving Heir of Ruby Lee Marie Falgout. Defendant Huntington Ingalls, Inc. ("Avondale") opposes the motion. (Rec. Doc. 178). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion to remand **(Rec. Doc. 155)** should be **DENIED**, and the scheduled oral argument on the motion is cancelled.

### FACTS AND PROCEDURAL BACKGROUND

Ruby Lee Marie Falgout originally filed this case against numerous parties in Civil District Court for the Parish of Orleans on March 26, 2021. (Rec. Doc. 1-1). Ms. Falgout alleged that she contracted mesothelioma as a result of asbestos exposure by laundering her husband's work clothes, who worked at Avondale's Bridge City, LA shipyard. On July 29, 2021, Defendant Hopeman Brothers filed for removal asserting

1

jurisdiction under 28 U.S.C. § 1442, asserting two federal defenses. On August 4, 2021, Avondale filed a Notice of Joinder to Hopeman's removal. Ms. Falgout moved to remand on August 27, 2021. This Court denied the motion to remand on October 5, 2021 based on the federal officer removal statute.

Ms. Falgout died on August 15, 2022, and her husband Ronald John Falgout was substituted on August 26, 2022. On October 11, 2022, Mr. Falgout amended the complaint to also add Rami Marie Harkcom, Ms. Falgout's daughter, as a plaintiff.

On September 21, 2022, Plaintiffs moved for partial summary judgment on Avondale's and Hopeman Brothers' government contractor defenses. Afterward, Hopeman Brothers settled all claims with the plaintiff on October 7, 2022. This Court granted Plaintiffs' motion for partial summary judgment as to Avondale's federal contractor defenses on October 13, 2022.

On October 4, 2022, Avondale moved for partial summary judgment on Plaintiffs' intentional tort and fraud claims, which we granted on October 19, 2022.

Plaintiffs filed the instant motion on October 17, 2022, and Defendants filed the opposition on October 25, 2022.

## **PARTIES' ARGUMENTS**

Plaintiffs assert that, because this Court concluded that Avondale cannot establish a federal defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988) and *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), all remaining claims and defenses arise under state law between parties that are not diverse. (Rec. Doc. 155, at 2). Thus, they argue, this Court should, at its discretion, decline to

exercise supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(c). (Rec. Doc. 155-1, at 3-4).

Avondale argues that this Court should continue to exercise jurisdiction because it satisfied all elements of federal officer jurisdiction at the time of removal. (Rec. Doc. 178, at 1). Further, Avondale argues that this Court should not decline supplemental jurisdiction because (1) Plaintiffs' claims involve no novel or complex issues of state law, (2) the case has been pending in this course for more than one year, (3) discovery has been completed and multiple dispositive motions have been ruled on, and (4) trial is imminent. *Id.* at 1-2.

## LAW

Although federal courts are courts of limited jurisdiction, "federal officer removal under 28 U.S.C. § 1442 is unlike other removal doctrines: it is not narrow or limited." *State v. Kleinert*, 855 F.3d 305, 311 (5th Cir. 2017); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Although the principle of limited federal court jurisdiction ordinarily compels federal courts to resolve any doubt about removal in favor of remand, courts should analyze removal under § 1442(a)(1) "without a thumb on the remand side of the scale." *Savoie v. Huntington Ingalls, Inc.*, 817 F. 3d 457, 462 (5th Cir. 2016); *see also Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 859 (5th Cir. 2021) ("unlike the general removal statute, the federal officer removal statute is to be 'broadly construed' in favor of a federal forum"). Nevertheless, it remains the removing party's burden of showing that federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Under 28 U.S.C. § 1442(a)(1), the federal officer removal statute, a federal court has subject matter jurisdiction if the defendant is "any person acting under [an officer] of the United States or of any agency thereof . . . . for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). To qualify for removal under § 1442(a)(1), a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).

Although the "general rule" in the Fifth Circuit is to "decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial, this rule is neither mandatory nor absolute." *Batiste v. Island Recs. Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (holding that district court abused its discretion in dismissing state law claims in a case that had been pending in federal court for three years and lacked any novel or difficult issues of state law). Instead, the Court may, at its discretion, decline to exercise subject matter jurisdiction over claims for which there would be no original subject matter jurisdiction if:

(1) The claim raises a novel or complex issue of State law
(2) The claim substantially predominates over the claim or claims over which the district court has original jurisdiction
(3) The district court has dismissed all claims over which it has original jurisdiction, or

4

(4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

## DISCUSSION

In this case, the statutory factors above do not weigh in favor of this Court remanding the case back to State Court. First, although Plaintiffs argue that their negligence claims are more frequently litigated in state court, the asbestos exposure and failure to warn claims do not raise any novel or complex issues of Louisiana law. Further, this Court has already granted Defendants summary judgment on some of Plaintiffs' state law claims, which further weighs toward the conclusion that this Court should retain jurisdiction over the remaining claims.

Second, although Plaintiffs accurately submit there are no federal questions remaining in this case, a federal court does not lose jurisdiction "if the facts later indicate the federal defense fails." *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 863 (5th Cir. 2021) (citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007) ("[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction.")). If, at the time of removal, the record indicates the federal contractor defense was not "insubstantial on its face or obviously frivolous," the exercise of supplemental jurisdiction over the remaining state law claims is also proper. *Id.* Thus, our October 13, 2022 Order dismissing Avondale's federal defenses does not affect this Court's jurisdiction over this case.

Finally, this case has been pending in this court since August 2021, and trial is set for one month from now. Defendants have spent substantial time and effort preparing for trial, and if the case is remanded to state court, the trial date would be continued for multiple additional months. The Court is familiar with this case and has spent substantial time and resources considering the case. Thus, "the continued exercise of supplemental jurisdiction is warranted to serve judicial economy and provide a fair and timely administration of justice to the litigants." *Roussell v. Huntington Ingalls, Inc.*, 20-2857, 2022 WL 110498, at *3 (E.D. La. Jan. 12, 2022). This Court will therefore continue to exercise its supplemental jurisdiction over Plaintiffs' remaining state law claims.

Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that the motion to remand **(Rec. Doc. 155)** is **DENIED.**

**IT IS FURTHER ORDERED** that oral argument scheduled for November 2, 2022 is **CANCELLED.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion leave to file a reply memorandum in support of the motion to remand (Rec. Doc. 183) is **GRANTED.** The Clerk may file Plaintiffs' reply memorandum into the record.

New Orleans, Louisiana this 28th day of October, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE